IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO ARANDA,

    Petitioner,                No. CIV S-08-1232 FCD DAD P

   vs.

JOHN DOVEY, et al.,             <u>ORDER AND</u>

    Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. <u>See</u> Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits

1

when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Here, petitioner contends that he is "the target of monitoring and observation via electronic transmitters, speakers, visual cameras, phones and other communications[,] using work group computer technology to publish, display or transmit information that violates laws." (Petition at 5-12A(1)[1].) Petitioner seeks "injunctive relief and affirmative action." (Id. at 12A(20)[2].)

When a prisoner challenges the fact or duration of his custody and a determination of his action may result in the prisoner's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). On the other hand, the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Because petitioner does not challenge the fact or duration of his custody, this action should be summarily dismissed. The court also notes that petitioner has filed a civil rights action raising these same claims. See Aranda v. May, et al., CIV S-08-2101 DOC.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (Doc. No. 2), is granted.

Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[1] Court Document No. 1 at 4-5.

[2] Court Document No. 1 at 24.

days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
aran1232.156